CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2022-2938

DIVISION: L-6

IIONNA COOKS

VERSUS

PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY ET, AL.

FILED:_____          _____
                                          DEPUTY CLERK

**ANSWER TO PETITION FOR DAMAGES AND REQUEST FOR JURY**

NOW INTO COURT through undersigned counsel comes PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, hereinafter PROGRESSIVE, sought to be made a defendant herein, who appears for the purposes of responding to the plaintiff's Petition for Damages and who respectfully avers:

1.

The allegations in Paragraph 1 of the Petition for Damages are denied except to admit that PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY is a foreign insurance company authorized to do and doing business in this Parish and State. Except as admitted, the allegations in Paragraph 1 of the Petition for Damages are denied.

2.

The allegations in Paragraph 2 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

3.

The allegations in Paragraph 3 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

4.

The allegations in Paragraph 4 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

5.

The allegations in Paragraph 5 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

OUR FILE: 464.0425                    1



**6.**

The allegations in Paragraph 6 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

**7.**

The allegations in Paragraph 7 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

**8.**

The allegations in Paragraph 8 of the Petition for Damages are denied except to admit that if PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY issued an insurance policy to for or on behalf of CAMPHOR TREE SERVICES, said policy speaks for itself and constitutes the best evidence of its terms, conditions, applications, exclusions and limitations thereof, the contents of which are pled herein as if copied herein in extensor, but without admitting any liability and/or damages and without waiving any exceptions, defenses and/or objections. Except as admitted, the allegations in Paragraph 8 of the Petition for Damages are denied.

**9.**

The allegations in Paragraph 9 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

**10.**

The allegations in Paragraph 10 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein, and Respondent calls for strict proof.

**11.**

The allegations in Paragraph 11 of the Petition for Damages do not require an answer from Respondent. However, in an abundance of caution, the allegations in Paragraph 11 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein and Respondent calls for strict proof. Except as admitted, the allegations in Paragraph 11 of the Petition for Damages are denied.

### AFFIRMATIVE DEFENSES

PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, hereinafter PROGRESSIVE, Respondent and/or Defendant, asserts the following affirmative defenses and respectfully avers:

12.

Respondent denies any liability whatsoever to Plaintiffs.

13.

Respondent avers that this accident was caused by the negligence of IIONA COOKS, and/or other third parties over whom Respondent had no control, which acts of negligence would serve as a bar to or in mitigation of any damages suffered, and which acts of negligence include, but are not limited to:

(a) Failure to see what should have been seen;

(b) Failing to keep a proper lookout;

(c) Failing to take a last clear chance to avoid the accident in question;

(d) Being inattentive to traffic conditions;

(e) Failing to act as a reasonably prudent person would act under the same or similar circumstances;

(f) Failure to yield;

(g) Creating a sudden emergency;

(h) Improper parking;

(i) Blocking the roadway;

(j) Any and all other acts of negligence which may become apparent through the investigation and/or trial of this matter, all of which are specifically pled herein as if copied herein *in extenso;*

all of which acts of negligence were the sole and proximate cause of the accident in question and which were in violation of the Parish and State laws and ordinances which are pleaded herein as if copied herein *in extenso.*

14.

Respondent avers that Plaintiffs failed to mitigate their damages.

15.

The damages awarded or to be awarded the Plaintiffs should be reduced in proportion to the percentage fault of any other obligor or tort-feasor.

16.

Respondent avers that it is entitled to a credit for any and all amounts paid or to be paid to the Plaintiffs by it or by any other party.

17.

Respondent avers that the Plaintiffs' claims have prescribed.

18.

Respondent avers that the accident, as alleged by the Petition for Damages, did not occur.

19.

Respondent avers that the Plaintiffs do not have any cause or right of action against it.

20.

Respondent avers that the Plaintiffs' claims are premature.

21.

Respondent avers the affirmative defense of want of amicable demand.

22.

Respondent avers the affirmative defense of want of No Pay/No Play.

23.

Respondent has not seen all of the medical records for the Plaintiffs. Without waiving any rights herein, Respondent avers that the injuries alleged by the Plaintiffs may have been pre-existing and not caused by this accident, or that this accident only aggravated pre-existing injuries and did not cause the condition complained of by Plaintiffs herein. Respondent reserve its right to supplement and amend the contents of this affirmative defense at any time.

24.

Respondent has not seen all of the medical records for the Plaintiffs. Without waiving any rights herein, Respondent avers that the Plaintiffs' medical treatment, records and bills may contain billing irregularities, unnecessary treatments, unreasonable treatment and improvident medical care. Respondent reserves its rights to supplement and amend the contents of this affirmative defense at any time.

25.

Respondent affirmatively avers that to the extent that Plaintiffs have or may have received medical treatment at a charity hospital, or from any other healthcare provider (as defined in LSA-R.S. 40:1299 41(A)(1)) and/or has or may have received or was the beneficiary of payments of medical expenses under a policy or policies of health, accident, worker's compensation, medical, hospitalization insurance and/or was a Medicare or Medicaid beneficiary, Respondent herein hereby asserts the Exceptions of No Right and/or Cause of

Action for, and affirmatively allege that Plaintiffs are not entitled to any recovery to the extent of the aforementioned claims as transferred in whole, or in part, to any medical provider, insurer, individual or entity.

26.

Any recovery of medical expense by Plaintiffs, or alternatively, any recovery of medical expense by Plaintiffs as against these defendants, should be limited to the reasonable, customary and actual expenses incurred and paid, whether by Plaintiffs or by any health insurer on their behalf, after credit for all contractual adjustments, write-offs or other credits or offsets. Any medical billing for fictional and/or inflated amounts in excess of the reasonable, customary and actual charges for the services provided should be disregarded as without basis in reality, and any recovery by Plaintiffs should be reduced to the reasonable, customary and actual expense.

27.

Any application of the legal doctrine known as the "collateral source rule" in contemporary circumstances, allowing recovery by Plaintiffs of medical expenses which have been nominally billed in excess of the reasonable, customary and actual expense incurred, where the nominal medical billing has inflated to fictional proportions vastly exceeding actual expectations and reasonable customary billing, amounts to a denial constitutional guaranteed equal protection under the U.S. and Louisiana Constitutions, and is without legal justification, both generally and specifically with respect to this defendant.

28.

The Petition fails to state a claim upon which relief can be granted.

29.

And still further answering, Respondent avers that neither CAMPHOR TREE SERVICES, nor its employee, were negligent and their actions did not cause this accident and/or plaintiffs' injuries. CAMPHOR TREE SERVICES and/or its employee was faced with a sudden emergency. The accident was unavoidable and beyond the scope of anything that could have done to avoid the accident. CAMPHOR TREE SERVICES and/or its employee used all reasonable caution to avoid the accident that forms the basis of this lawsuit.

30.

And still further answering, Respondent, PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY avers on information or belief that there was no contact between the

vehicle and/or trailer being driven by or on behalf of CAMPHOR TREE SERVICES and the IIONA COOKS' vehicle.

30.

Without admitting that the Plaintiffs' claims exceed the jurisdictional for a trial by jury, Respondents avers that if the Plaintiffs' claims exceed the jurisdictional for a trial by jury, they are entitled to a jury trial and will post such bond that the Court may require.

32.

To the extent permitted by law, Respondents reserve their right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

WHEREFORE, Respondent, PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY prays that this Answer to Petition for Damages be deemed good and sufficient, for trial by jury if the facts so indicate, and, after due proceedings had, that there be Judgment rendered in its favor, dismissing the suit of Plaintiffs, with prejudice, at Plaintiffs' costs, and for all other general and equitable relief.

Respectfully submitted:

**PATRICK D. DeROUEN (#20535)**
**DORIS A. ROYCE (#33698)**
**JENNIFER L. MURA (#38355)**
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
*Electronic service pursuant to Art. 1313(C) to be made upon:*
Email: pderouen@derouenlaw.com
        droyce@derouenlaw.com
        jmura@derouenlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2022, a copy of the above and foregoing was served on all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed.

**PATRICK D. DeROUEN, ESQUIRE**
**DORIS A. ROYCE, ESQUIRE**
**JENNIFER L. MURA, ESQUIRE**

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
2022 JUN 24   II: 15

STATE OF LOUISIANA

CIVIL
DISTRICT COURT
DIVISION: L-6

NO. 2022-2938

IIONNA COOKS

VERSUS

PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY ET, AL.

FILED:_____

_____
DEPUTY CLERK

## REQUEST FOR NOTICE

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, Progressive County Mutual Insurance Company, hereby requests written notice of the date set for trial of the above numbered and entitled cause, or of the date set for trial of any pleadings or motions therein, at least ten (10) days before any trial. We also request notice of the signing of any final Judgment or the rendition of any interlocutory order or Judgment in said cause as provided by Article 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted;

_____
**PATRICK D. DeROUEN (#20535)**
**DORIS A. ROYCE (#33698)**
**JENNIFER L. MURA (#38355)**
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
*Electronic service pursuant to Art. 1313(C) to be made upon:*
Email: pderouen@derouenlaw.com
        droyce@derouenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2022 a copy of the foregoing pleading was served on counsel for all parties to this proceeding, by placing same in the United States mail, properly addressed and first class postage paid.

_____
**PATRICK D. DeROUEN, ESQ.**
**DORIS A. ROYCE, ESQ.**
**JENNIFER L. MURA, ESQ.**

1

OUR FILE NO.: 464.0425

VERIFIED



FILED

2022 JUN 21 AM 11: 15

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
CIVIL
STATE OF LOUISIANA DISTRICT COURT

NO. 2022-2938                                             DIVISION: L-6

IIONNA COOKS AND SHONTELL MARK COOKS

VERSUS

PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY ET, AL.

FILED:_____            _____
                                                                 DEPUTY CLERK

### JURY ORDER

In accordance with C.C.P. Art. 1734.1 in lieu of Bond required in C.C.P. Art. 1734 the mover

for the Jury Trial shall deposit $2,000.00 (Cash) per day for the first day and $400.00 per day for

each day the trial is estimated to last.  The cash deposit shall be filed with the Clerk of Court no later

than thirty days prior to trial.  The attorney for the mover shall present the receipt for the deposit to

the court prior to commencement of the trial.  If the deposit is not timely made, any other party shall

have an additional ten days to make the require deposit.  Failure to post the cash deposit shall

constitute a waiver of a trial by jury.

NEW ORLEANS, LOUISIANA this _____ day of _____, 2022.


                                        _____
                                        **JUDGE KERN A. REESE**


OUR FILE: 464.0425                              1





# DeRouen
## —LAW FIRM—



May 24, 2022

Chelsey Richard Napoleon
Orleans Parish/CDC Clerk of Court
421 Loyola Ave Ste 402
New Orleans LA 70112-1107

      RE:    IIONNA COOKS vs. PROGRESSIVE COUNTY MUTUAL INSURANCE
              COMPANY ET, AL.
              L-6, No. 2022-2938, Div.: L-6
              OUR FILE:  464.0425

Dear Sir:

      Enclosed please find the original and one copy of Answer to Petition for Damages and
Request for Jury, Request for Notice and Jury Order, which we ask that you file into the record of
the captioned case, favoring the undersigned with a conformed copy in the enclosed, self-addressed
envelope.

      Enclosed is Check No. 23944, in the amount of $1,052.00, to cover the cost.

                        Yours very truly,

                        PATRICK D. DeROUEN

PDD/cal
Enclosures
cc:    David Wawrose, Esq.

---

650 Poydras Street, Suite 1913 – New Orleans. Louisiana 70130 – phone (504)274-3660 – fax: (504)274-3664 – www.derouenlaw.com

**FILED**

2022 JUN 21  AM 11: 15

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2022-2938                                                  DIVISION: L-6

IIONNA COOKS AND SHONTELL MARK COOKS

VERSUS

PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY ET, AL.

FILED:_____          _____

                                                                      DEPUTY CLERK

**JURY ORDER**

In accordance with C.C.P. Art. 1734.1 in lieu of Bond required in C.C.P. Art. 1734 the mover

for the Jury Trial shall deposit $2,000.00 (Cash) per day for the first day and $400.00 per day for
JURY DEPOSIT ORDER WILL BE SIGNED
each day the trial is estimated to last. This deposit shall be filed with the Clerk of Court no later
JURY DEPOSIT ORDER WILL BE SIGNED
than thirty days prior to trial. WHEN TRIAL DATE IS SELECTED
The attorney for the mover shall present the receipt for the deposit to

the court prior to commencement of the trial. If the deposit is not timely made, any other party shall

have an additional ten days to make the required deposit. Failure to post the cash deposit shall
JURY DEPOSIT ORDER WILL BE SIGNED
WHEN TRIAL DATE IS SELECTED
constitute a waiver of a trial by jury.

NEW ORLEANS, LOUISIANA this _____ day of _____, 2022.

                                                    _____

                                                    JUDGE KERN A. REESE

OUR FILE: 464.0425                          1

VERIFIED

FILED

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA** 14  AM 11: 12

No. 2022-2938                    DIVISION " L-6"        CIVIL DISTRICT COURT        **SUBPOENA**

Docket No. _____

IIONNA COOKS, ET AL
VS.
PROGRESSIVE COUNTY MUTUAL INSURANCE, ET AL

**TO:**   Mayor Letoya Cantrell, through the New Orleans City Attorney, Donesia Turner, 1300 Perdido St., Rm 5E03, New Orleans, LA 70112

**CLERK, CIVIL DISTRICT COURT** - Please issue a subpoena to the above party as directed below.

---

**SUBPOENA REQUEST**

[    ]  **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in Division "_____", 421 Loyola Ave., New Orleans, LA 70112, on the _____ day of _____, 20____ at _____ o'clock ____.m., to testify the truth according to your knowledge, in a controversy pending herein between the parties above named; and hereof you are not to fail under the penalty of the law.  By order of the Court.

**DEPOSITION SUBPOENA REQUEST**

[    ]  **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

**REQUEST FOR WRIT OF SUBPOENA DUCES TECUM**

[  X  ]  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects for the [  ] trial, [✔] deposition, or [  ] hearing (state type) _____ _____ at the place, date and time specified below (list documents or objects) pursuant to the provisions of Article 1354 et. seq. of the LA Code of Civil Procedure.

**NOTICE: ARTICLE 1354 APPEARS IN FULL ON BACK OF SERVICE COPY**

To Produce the crime camera footage located at Allen Street and North Dorgenois Street and Allen Street and North Rocheblave Street for the date of February 10, 2022 for the time periods of 4:30 PM through 6:30 PM.

| PLACE | DATE AND TIME |
|---|---|
| SOSSAMAN LAW FIRM, 3351 SEVERN AVE., STE 201, METAIRIE, LA 70002 | May 04, 2022 @ 10:00 AM |

**CHELSEY RICHARD NAPOLEON, CLERK**
**CIVIL DISTRICT COURT**

Issued at the request of; and,
Fees and cost guaranteed by undersigned

**ATTORNEY**

**ATTORNEY'S**
**NAME & BAR NUMBER**

Attorney's signature
David E. Wawrose, Jr.; Bar No. 35373

**ADDRESS**
**&**
**TELEPHONE NUMBER**

Sossaman Law Firm

3351 Severn Ave., Ste. 201, Metairie, LA 70002

504-455-3100

File original and two copies with Clerk
fourth copy for Attorney's File

ORIGINAL REQUEST

E-105

VERIFIED
4.14.22

| ATTORNEY'S NAME: | Wawrose, David E 35373 |
|---|---|
| AND ADDRESS: | 3351 Severn Avenue Suite 201, Metairie, LA 70002 |

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2022-02938 | DIVISION: L | SECTION: 06 |
|---|---|---|

## COOKS, IIONNA ET AL

### Versus

### PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY ET AL

### CITATION

TO:  PROGRESSIVE COUNTY MUTUAL INSURANCE

THROUGH:  ITS AGENT FOR SERVICE OF PROCESS: SECRETARY OF STATE

8585 ARCHIVES AVE, BATON ROUGE, LA 70809

## YOU HAVE BEEN SUED:

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA April 5, 2022**

| Clerk's Office, Room 402, Civil Courts | CHELSEY RICHARD NAPOLEON, Clerk of |
|---|---|
| 421 Loyola Avenue | The Civil District Court |
| New Orleans, LA | for the Parish of Orleans |
| | State of LA |
| | by _____ |
| | Kasie Jiles, Deputy Clerk |

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| Petition for Damages | Petition for Damages |
| ON PROGRESSIVE COUNTY MUTUAL INSURANCE | ON PROGRESSIVE COUNTY MUTUAL INSURANCE |
| THROUGH: ITS AGENT FOR SERVICE OF PROCESS: SECRETARY OF STATE | THROUGH: ITS AGENT FOR SERVICE OF PROCESS: SECRETARY OF STATE |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose |
| Deputy Sheriff of _____ | name and other facts connected with this service I learned by interrogating |
| Mileage: $ _____ | HIM/HER the said PROGRESSIVE COUNTY MUTUAL INSURANCE being |
| _____ / ENTERED / | absent from the domicile at time of said service. |
| PAPER             RETURN | Returned the same day |
| _____ / _____ / _____ | _____ No. _____ |
| SERIAL NO.     DEPUTY     PARISH | Deputy Sheriff of _____ |

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

      A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

      B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

      C. The court may grant additional time for answering.

      Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

| ATTORNEY'S NAME: | Wawrose, David E 35373 |
|---|---|
| AND ADDRESS: | 3351 Severn Avenue Suite 201, Metairie, LA 70002 |

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2022-02938 | DIVISION: L | SECTION: 06 |
|---|---|---|

### COOKS, IIONNA ET AL

**Versus**

### PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY ET AL

### CITATION

TO:         PROGRESSIVE COUNTY MUTUAL INSURANCE

THROUGH:   ITS AGENT FOR SERVICE OF PROCESS: SECRETARY OF STATE

           8585 ARCHIVES AVE, BATON ROUGE, LA 70809

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA April 5, 2022**

| Clerk's Office, Room 402, Civil Courts<br>421 Loyola Avenue<br>New Orleans, LA | CHELSEY RICHARD NAPOLEON, Clerk of<br>The Civil District Court<br>for the Parish of Orleans<br>State of LA<br>by *Kasie Jiles*<br>Kasie Jiles, Deputy Clerk |
|---|---|

### SHERIFF'S RETURN
### (for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| Petition for Damages | Petition for Damages |
| ON  PROGRESSIVE COUNTY MUTUAL INSURANCE | ON  PROGRESSIVE COUNTY MUTUAL INSURANCE |
| THROUGH:  ITS AGENT FOR SERVICE OF PROCESS: SECRETARY OF STATE | THROUGH:  ITS AGENT FOR SERVICE OF PROCESS: SECRETARY OF STATE |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said PROGRESSIVE COUNTY MUTUAL INSURANCE being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER                RETURN | Deputy Sheriff of _____ |
| _____ / _____ / _____ | |
| SERIAL NO.     DEPUTY     PARISH | |

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

      A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

      B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

      C. The court may grant additional time for answering.

      Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

| | |
|---|---|
| **ATTORNEY'S NAME:** | Wawrose, David E 35373 |
| **AND ADDRESS:** | 3351 Severn Avenue Suite 201, Metairie, LA 70002 |

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2022-02938 | DIVISION: L | SECTION: 06 |
|---|---|---|

### COOKS, IIONNA ET AL

**Versus**

### PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY ET AL

### CITATION - LONG ARM

TO:   CAMPHOR TREE SERVICES

THROUGH:   THE LOUISIANA LONG ARM STATUTE  THEIR REGISTERED AGENT, CELESTINO RODRIGUEZ
18711 TUPPER CREEK COURT, TOMBALL, TX 77377

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA April 5, 2022**

| | |
|---|---|
| **Clerk's Office, Room 402, Civil Courts** | **CHELSEY RICHARD NAPOLEON, Clerk of** |
| **421 Loyola Avenue** | **The Civil District Court** |
| **New Orleans, LA** | **for the Parish of Orleans** |
| | **State of LA** |
| | by _____ |
| | Kasie Jiles, Deputy Clerk |

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| **ON  CAMPHOR TREE SERVICES** | **ON  CAMPHOR TREE SERVICES** |
| **THROUGH: THE LOUISIANA LONG ARM STATUTE  THEIR REGISTERED AGENT, CELESTINO RODRIGUEZ** | **THROUGH: THE LOUISIANA LONG ARM STATUTE  THEIR REGISTERED AGENT, CELESTINO RODRIGUEZ** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said CAMPHOR TREE SERVICES  being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| | Deputy Sheriff of _____ |

| PAPER | RETURN |
|---|---|
| _____ / _____ | _____ / _____ |
| SERIAL NO. | DEPUTY | PARISH |

ATTORNEY'S NAME:   Wawrose, David E 35373
AND ADDRESS:           3351 Severn Avenue Suite 201, Metairie, LA 70002

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2022-02938              **DIVISION: L**              SECTION: 06

### COOKS, IIONNA ET AL

#### Versus

### PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY ET AL

#### CITATION - LONG ARM

TO:              CAMPHOR TREE SERVICES

THROUGH:    THE LOUISIANA LONG ARM STATUTE  THEIR REGISTERED AGENT, CELESTINO
                     RODRIGUEZ
                     18711 TUPPER CREEK COURT, TOMBALL, TX 77377

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

#### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.
*******COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*******

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA April 5, 2022**

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by
Kasie Jiles, Deputy Clerk

---

**SHERIFF'S RETURN**
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| Petition for Damages | Petition for Damages |
| ON CAMPHOR TREE SERVICES | ON CAMPHOR TREE SERVICES |
| THROUGH: THE LOUISIANA LONG ARM STATUTE THEIR REGISTERED AGENT, CELESTINO RODRIGUEZ | THROUGH: THE LOUISIANA LONG ARM STATUTE THEIR REGISTERED AGENT, CELESTINO RODRIGUEZ |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said CAMPHOR TREE SERVICES being absent from the domicile at time of said service. |
| _____ No. ___ | |
| Deputy Sheriff of _____ | Returned the same day |
| Mileage: $ _____ | _____ No. ___ |
| / ENTERED / | Deputy Sheriff of _____ |
| PAPER          RETURN | |
| /          / | |
| SERIAL NO.    DEPUTY    PARISH | |

ID: 10892587                    Page 1 of 1

**STATE OF LOUISIANA**

**CIVIL DISTRICT COURT**

**PARISH OF**



**SECTION 6**

| | |
|---|---|
| IIONNA COOKS AND SHONTEL MARK | § **CAUSE NUMBER:** |
| | § |
| **VERSUS** | § 2022-29 |
| | § |
| **PROGRESSIVE COUNTY MUTUAL** | § |
| **INSURANCE COMPANY AND CAMPHOR** | § **DIVISION:** |
| **TREE SERVICES AND JOHN DOE** | § |
| | |
| **FILED** _____ | |
| | **DEPUTY CLERK** |

---

**PETITION FOR DAMAGES**

The petition of Iionna Cooks, domiciled in the Parish of St. Bernard, State of Louisiana, and Shontel Mark, domiciled in the Parish of Orleans, State of Louisiana, who, with respect represents:

**I.**

Defendants in this action are:

John Doe, upon information and reasonable belief is a resident of the Parish of Orleans, State of Louisiana;

Camphor Tree Services, is a foreign corporation authorized to do and doing business in this Parish and State; and

Progressive County Mutual Insurance Company, a foreign insurance corporation authorized to do and doing business in this Parish and State.

**II.**

Defendants are jointly and severally indebted unto your petitioners, Iionna Cooks and Shontell Mark, for all sums as are reasonable in the premises, together with legal interest thereon, and for all costs of these proceedings for the following, to-wit:

**III.**

On or about February 10, 2022, petitioner, Iionna Cooks was sitting in her vehicle parked on Allen Street in New Orleans, LA with Shontell Mark as a passenger therein. Thereafter, John Doe who was driving a Dodge Ram vehicle suddenly and without warning struck the Cooks vehicle.

CHELSEY RICHARD NAPOLEON
CLERK, CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
NEW ORLEANS, LA 70112
504- 407 - 0000

Receipt Date      04/2022 12:16:00 PM
Receipt Number    890171
Cashier           jboe
Register          CDC Cash Register 1

Grand Total       $ 516.50
Amount Received   $ 516.50
Balance Due       $ 0.00
Over Payment      $ 0.00

Payment Method    Check
Check #  324223   $516.50

| Item | Charged | Paid | Bal |
|---|---|---|---|
| Petition for Damages | $444.50 | $444.50 | $0.00 |
| Judicial College | $0.50 | $0.50 | $0.00 |
| Indigent Legal Fee | $10.00 | $10.00 | $0.00 |
| Clerk | $20.00 | $20.00 | $0.00 |
| Supreme Court- Proc | $10.00 | $10.00 | $0.00 |

VERIFIED
4-5-22

## IV.

The sole proximate cause of the above-described accident was the negligent acts of defendant, John Doe, which consist more particularly, but not exclusively, of the following:

    A.    Reckless operation of a motor vehicle;

    B.    Speeding;

    C.    Failing to yield the right of way;

    D.    Failing to maintain a proper lookout;

    E.    Disregarding a traffic signal;

    F.    Violating the traffic laws of the City of New Orleans, and the State of Louisiana;

    G.    Negligently entrusting a vehicle to another; and

    H.    Any other acts of negligence which may be proven at the trial of this matter.

## V.

At all times pertinent, defendant, John Doe, was acting within the course and scope of his employment with defendant, Camphor Tree Services, and accordingly, defendant, Camphor Tree Services, is strictly liable and/or vicariously liable for the acts of defendant, John Doe, under the Doctrines of Respondiat Superior, Master and Servant and Principal and Agent.

## VI.

As a direct result of the accident herein complained of, petitioners, Iionna Cooks, sustained property damage, loss of use of her vehicle and rental expense for which defendants are responsible.

## VII.

As a result of this accident and resulting injuries, petitioners, Iionna Cooks and Shontell Mark, sustained damages as follows:

    A.    Past, present and future pain, suffering, disability, and mental anguish;

    B.    Past, present and future loss of enjoyment of life;

    C.    Past, present and future medical expense;

    D.    Loss of past, present and future economic income and earning potential; and

    E.    Damages to motor vehicle.

## VIII.

At the time of the aforementioned accident, defendants, John Doe and Camphor Tree Services, was issued a contract of liability insurance by defendant, Progressive County Mutual Insurance, and, therefore, said company has been named a defendant.

## IX.

Pursuant to LSA-R.S. 22:1892, defendant, Progressive County Mutual Insurance had a duty to make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss of that claim. Defendant, Progressive County Mutual Insurance, failed to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefore. The failure of defendant, Progressive County Mutual Insurance, to make such payment was arbitrary, capricious, and/or without probable cause. Plaintiffs, Iionna Cooks is entitled to and demands, that in addition to the amount of the loss, they be awarded a penalty of fifty percent (50%) penalty on the amount found to be due from the insurer to the insured, together with all reasonable attorney fees for the prosecution and collection of such loss.

## X.

Pursuant to LSA-R.S. 22:1973, defendant, Progressive County Mutual Insurance, has failed to perform its good faith duty of fair dealing. Defendant, Progressive County Mutual Insurance, has failed to adjust plaintiffs', Iionna Cooks claims fairly and promptly and to make a reasonable effort to settle claims it insured. Accordingly, plaintiffs, Iionna Cooks and Shontel Mark, are entitled to penalties in the amount of two times the damages sustained, or $5,000.00 whichever is greater.

## XI.

In accordance with LSA-CCP Article 1572, petitioner requests that the Court give written notice by certified mail at least ten days in advance of the date fixed for the trial and/or hearing of the case whether on exceptions, motions, rules, or the merits. Petitioner also requests immediate notice of all orders or judgments whether interlocutory or final made or rendered in this case upon the rendition thereof as provided by LSA-CCP Articles 1913 and 1914 including notice of judgment in the event this case be taken under advisement or if the judgment is not signed at the conclusion of the trial.

**WHEREFORE**, petitioners, Iionna Cooks and Shontell Mark, pray that a copy of this petition be served on all defendants, that each be cited to appear and answer same; and that after due proceedings are had that there be judgment rendered herein in favor of plaintiffs, Iionna Cooks and Shontell Mark, and against all defendants, Progressive County Mutual Insurance, Camphor Tree Services, and John Doe, jointly and severally, for all sums as are reasonable in the premises, for penalties and attorney fees and together with legal interest thereon, for all costs of these proceedings and for all general and equitable relief.

Petitioners, Iionna Cooks and Shontell Mark, further pray that in accordance with LSA-CCP Article 1572, the Court give written notice by certified mail at least ten days in advance of the date fixed for the trial or hearing of the case whether on exceptions, motions, or rules, or the merits. Petitioners also request immediate notice of all orders and judgments whether interlocutory or final made or rendered in this case upon the rendition thereof as provided by LSA-CCP Articles 1913 and 1914, including notice of judgment in the event this case be taken under advisement or if the judgment is not signed at the conclusion of the trial.

Respectfully Submitted;

SOSSAMAN LA FIRM

BY: _____

CRAIG S. SOSSAMAN - BAR NO. 17884
DAVID E. WAWROSE, JR. - BAR NO. 35373
3351 Severn Avenue, Suite 201
Metairie, Louisiana 70002
Telephone:    (504) 455-3100
Fax:              (504) 455-6500
davidwawrose@sossamanlaw.com

**PLEASE SERVE:**

Progressive County Mutual Insurance
through its agent for service of process
Secretary of State
8585 Archives Ave
Baton Rouge, LA 70809

---------------- and -----------------

Camphor Tree Services
Through their registered agent via long arm
Celestino Rodriguez
18711 Tupper Creek Court
Tomball, TX 77377